**In re STEEL PRODUCTS, INC., Debtor.**

**STEEL PRODUCTS, INC., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

Bankruptcy No. 83–00670.
Adv. No. A84–0339.

United States Bankruptcy Court, W.D. Washington, at Seattle.

Dec. 26, 1984.

Catherine L. Walker, Short & Cressman, Seattle, Wash., for plaintiff.

David A. Slacter, Trial Atty. Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY C. VOLINN, Bankruptcy Judge.

This matter came on for hearing before the Honorable Sidney C. Volinn, Bankruptcy Judge, on October 26, 1984 on Plaintiff's motion for a preliminary injunction and defendants' cross-motion to dismiss Plaintiff's Complaint. Plaintiff appeared through its authorized representatives, Ole Nelson, President and shareholder, Alex Campbell, Secretary-Treasurer and shareholder, William Riggin, shareholder and former officer, and Catherine L. Walker, attorney of record. Defendants appeared through their attorney of record, David A. Slacter, trial attorney for the Tax Division of the United States Department of Justice. The court conducted a full evidentiary hearing and heard the testimony of Ole Nelson, Alex Campbell and William Riggin in support of Plaintiff's case and the testimony of Mrs. Patricia Hannifin, a revenue officer for the Internal Revenue Service who had responsibility for Mr. Nelson's and Mr. Riggin's tax accounts.

Based on the testimony, and after hearing the arguments of counsel, the court entered the following findings of fact:

### FINDINGS OF FACT

1. Pursuant to § 6672 of the Internal Revenue Code, the Internal Revenue Service ("IRS") has proposed an assessment of, or has assessed, a 100% tax penalty against each of Plaintiff's three shareholders, Ole Nelson, Alex Campbell, and William Riggin, who are also officers or former officers of Plaintiff. The amount of the § 6672 penalty pertaining to Plaintiff's operations is approximately $38,600.00.

2. Plaintiff is reorganizing pursuant to the terms of a plan of reorganization confirmed by the court on August 6, 1984. The plan of reorganization proposed the merger of another corporation, Metal Finishers, Inc. into Plaintiff, with Plaintiff assuming liability for all debts of Metal Finishers, Inc. Metal Finishers, Inc. was a debtor-in-possession in a Chapter 11 proceeding filed under the case number 83–00669 in the Bankruptcy Court for the Western District of Washington. The reciprocal plans of reorganization for both Plaintiff and Metal Finishers, Inc. were confirmed on August 6, 1984, and the merger was accomplished thereafter.

3. Ole Nelson, Alex Campbell and William Riggin were also the sole shareholders and officers of Metal Finishers, Inc. Although the IRS has not yet assessed a 100% tax penalty against any of the three shareholders arising out of the business operations of Metal Finishers, Inc., the three shareholders may face an assertion by the IRS of their potential personal liability for such trust fund taxes.

4. The terms of the plans of reorganization for Plaintiff and Metal Finishers, Inc. require full payment to the IRS of the tax obligations that have given rise, or may eventually give rise in the case of Metal Finishers, Inc., to the assessment by the IRS of 100% withholding penalties against each of the three shareholders pursuant to

§ 6672 of the Internal Revenue Code. The terms for repayment comply with § 1129 of the United States Bankruptcy Code. Throughout the Chapter 11 proceeding, and since the date the plans of reorganization were confirmed, Plaintiff has met its current obligations as they came due and has complied fully with the terms of the plans. With the full participation and commitment of the three owners, Plaintiff has a very good chance of fully consummating the plan and becoming rehabilitated.

5. Ole Nelson is 54 years of age and has been involved with Plaintiff's business for over 20 years; Alex Campbell is 61 years of age and has been an owner for over 10 years; and William Riggin is 65 years of age and has been an owner for over 10 years. These three men have had the exclusive control of and responsibility for the business operations since they purchased the business in 1973. The metal fabricating business, which is Plaintiff's business, is highly competitive and service-oriented. The full commitment of the three owners is essential to a successful reorganization because of their knowledge of Plaintiff's business and customers.

6. Mr. Nelson and Mr. Campbell are without current assets sufficient to pay even a nominal portion of the tax assessed against each of them. Mr. Riggin has current assets sufficient to pay a portion of the assessed amount. Given the respective ages, conditions of health, earning capacities and assets of the three shareholders, however, it is not realistic to expect any of them to pay the assessed penalty and still remain sufficiently involved in Plaintiff's business to give Plaintiff a reasonable chance at rehabilitation.

7. Through the commitment of the three shareholders and the cooperation of creditors, Plaintiff has substantially improved its financial condition since the date of the filing of the Chapter 11 petition. Plaintiff has booked higher gross sales for the first six months of its fiscal year 1984 (June through December) than it booked for nearly all of fiscal year 1983.

8. If the reorganization fails and Plaintiff is liquidated, no creditor, except Peoples Bank and the IRS, would receive any distribution in respect to its claim. While the bank would receive a substantial portion of its secured claim, the IRS would receive substantially less than its total claim. If the reorganization fails, the employees of Plaintiff will lose their jobs and the local economy will be adversely impacted.

9. Each of these men is in the twilight of his years with little or no earning power outside of his relationship with and employment by Plaintiff. Until the plan of reorganization is fully performed and all creditors have been paid pursuant to the plan, all three men have committed to take no more salary than is necessary for basic living expenses and to pay the mortgages to Peoples Bank encumbering their homes. Efforts by the IRS to collect the 100% penalty from any one or all of the shareholders will cause irreparable harm to the bankruptcy estate by driving the three shareholders away from their commitment to Plaintiff and the reorganization effort. On the other hand, the IRS will suffer little, if any, harm if enjoined from collecting the penalty because the terms of both plans of reorganization require Plaintiff to pay the IRS in full with interest within the time period set forth in § 1129 of the Bankruptcy Code.

10. An injunction of the IRS's collection efforts against the three individuals will best serve the public interest after considering the impact of a liquidation on Plaintiff's creditors, employees and shareholders, the local community, and the IRS, and after considering the benefits to all interested parties if Plaintiff is permitted a meaningful chance to rehabilitate without the interference of the IRS's collection efforts against the three shareholders.

Based on the foregoing Findings of Fact, the court entered the following Conclusions of Law:

## CONCLUSIONS OF LAW

1. The Bankruptcy Court has jurisdiction over Plaintiff's Complaint for Injunc-

tive Relief pursuant to 28 U.S.C. § 1471 and 11 U.S.C. §§ 105(a), 106 and 505.

2. Plaintiff, as the debtor corporation, has a sufficient personal stake in the outcome of the controversy between the three principal shareholders of Plaintiff and the IRS to ensure a true controversy and appropriately defined issues. *See In re Jon Co., Inc.*, 30 B.R. 831 (D.Co.1983). Plaintiff, therefore, has standing to request injunctive relief against the IRS to protect the reorganization efforts.

3. The Anti-Injunction Act, 26 U.S.C. § 7421(a), does not preclude the Bankruptcy Court from granting injunctive relief against the IRS because Congress, through enactment of the Bankruptcy Code, has evinced an intention to enact a particularized yet complete statutory scheme governing bankruptcy that overrides the general policy reflected by the Anti-Injunction Act. *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975); *In re Jon Co., Inc.*, 30 B.R. 831 (D.Co.1983).

4. An injunction should be issued barring the IRS from collecting any 100% withholding penalty arising out of the business operations of either Plaintiff or Metal Finishers, Inc. from any one or all of the three shareholders pending consummation of the terms of the plans of reorganization pertaining to repayment of the indebtedness of Plaintiff and Metal Finishers, Inc. to the IRS.

5. To provide equitable treatment of the parties and to protect the IRS' interests during the pendency of the injunction, the injunction should have as a condition the agreement of the three shareholders not to transfer assets or property in which they have or may have an interest while the injunction is in effect, except as is appropriate to maintain their and their families' usual and customary livelihoods.

6. The court should retain jurisdiction of this case to enable the IRS to petition the court for a review of the injunction in the event the IRS is not paid as required by the plans and § 1129 of the Bankruptcy Code.

7. The IRS should be permitted to accomplish an assessment, which includes the filing of tax liens, of a 100% withholding tax penalty against Ole Nelson, Alex Campbell, or William Riggin, or all three, provided no collection of the assessment occurs pending consummation of the terms of the plans of reorganization pertaining to repayment of the indebtedness of Plaintiff and Metal Finishers, Inc. to the IRS.