**In the Matter of A & B HEATING AND AIR CONDITIONING, INC., Debtor.**

**A & B HEATING AND AIR CONDITIONING, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 84–424.
Adv. No. 84–277.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 10, 1985.
Nunc Pro Tunc Sept. 15, 1984.

See also, Bkrtcy., 48 B.R. 401.

Shirley Arcuri, Tampa, Fla., for plaintiff.

Marika Lancaster, Dept. of Justice, Washington, D.C., for defendant.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration brings into focus a seemingly irreconcilable conflict between a provision of the Internal Revenue Code, 26 U.S.C. § 7421(a), and § 105 of the Bankruptcy Code, and the overall policy aims of the Bankruptcy Code in general.

The matter under consideration is a Motion to Dismiss filed by the United States of America on behalf of the Internal Revenue Service (IRS). The complaint sought to be dismissed was filed by A & B Heating & Air, the Debtor who currently seeks rehabilitation under Chapter 11 of the Bankruptcy Code. The relief sought is a preliminary, and ultimately a permanent injunction, seeking to prohibit the IRS to undertake any steps toward collecting certain taxes allegedly owed by the Debtor but also assessed against the principals of the Debtor under the 100% penalty provisions of the IRC, 26 U.S.C. § 6672(a). This Section imposes a liability on the responsible corporate officers who fail to collect and to pay employment related taxes commonly referred to as "payroll taxes" to the Government. Thus, in this instance, the relief is not sought to protect the Debtor directly or any property of the Debtor, but the non-debtor corporate officer who theoretically would not be entitled to the automatic stay granted by § 362(a) of the Bankruptcy Code. In support of this proposition, the Plaintiffs contend that they are entitled to the relief sought either through the protection of the automatic stay of § 362(a) or under the protection otherwise available to debtors under § 105 of the Bankruptcy Code.

The complaint for injunctive relief was accompanied by a motion in which the Debtor sought an emergency hearing. Due to the claimed emergency, the matter was immediately scheduled for hearing even before the Debtor effectuated service on the Government. Pursuant to telephon-

ic notice to the U.S. Attorney's office, the hearing was held as scheduled at which time this Court heard argument of counsel on behalf of both the Government and the Debtor but received no evidence.

The argument advanced by the Assistant U.S. Attorney in the form of an oral motion to dismiss is based on the contention that the Debtor is not entitled to the relief sought as a matter of law simply because of 26 U.S.C. § 7421(a) which in pertinent part reads as follows:

> (a) Tax ... [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against who such tax was assessed.

In addition, the Government also advanced a challenge of the entire proceeding based on both the lack of proper service and the inadequacy of the notice.

Before considering the merits of the respective contentions advanced by the parties, it should be pointed out that the Government is correct in its position that the procedure sought to be employed by the Debtor is improper. If this motion is to be deemed a motion for a temporary restraining order, it is, of course, defective as a matter of law simply because neither the complaint nor the Motion is verified or accompanied by an Affidavit setting forth the facts, all of which are indispensable to the issuance of a temporary restraining order under FRCP 65 as adopted by B.R. 7065. If, on the other hand, the complaint is to be treated merely as a complaint seeking injunctive relief then, of course, it is not ripe for consideration because the Debtor has so far failed to effectuate proper service and, of course, the Government has yet to answer the complaint.

Inasmuch as the substantive legal question presented by the Government's motion is determinative of the entire matter, this Court will consider whether or not the Government is correct in its position that 26 U.S.C. § 7421(a) prohibits this Court to grant any relief to the Debtor and operates as an absolute bar to the injunctive relief sought.

The Courts which have considered this question are in irreconcilable disagreement. For instance, the United States District Court in the cases of *Jon Co., Inc. v. United States (In re Jon Co., Inc.)*, 30 B.R. 831 (D.Colo.1983); *Bostwick v. United States (In the Matter of Bostwick)*, 521 F.2d 741 (8th Cir.1975), after deciding the threshold issue, remanded the matter to the Bankruptcy Court to determine whether or not the collection efforts by the IRS would create irreparable harm to the estate; the likelihood of a success to prevail on the merits as to the IRS claim and the harm, if any, to the parties if the injunction is issued. On the other hand, the Bankruptcy Court in the case of *Vetere v. United States (In re County Wide Garden Center)*, 25 B.R. 203 (Bankr.S.D.N.Y.1982) held that the Debtor could not enjoin collection efforts by the IRS in a Chapter 7 case because the tax obligation would not interfere with liquidation. However, when one considers the type of case involved in *County Wide Garden Center*, it should be evident at once that its holding permits no support for the proposition urged by the Government. This is so because *County Wide Garden Center* was a Chapter 7 liquidation case and it needs no elaborate discussion to establish that collecting fiduciary taxes from a non-debtor has no relevance to the liquidation of a debtor corporation.

The latest pronouncement on this subject is a decision of the United States District Court for the Northern District of New York, yet to be generally reported. *Mildred Ellen Pressimone and Robert E. Littlefield, Jr., Trustee v. Internal Revenue Service (In re Pressimone)*, 39 B.R. 240 (N.D.N.Y.1984). In this case, the District Judge, in an attempt to reconcile the evident conflict between the anti-injunction provision of the IRC and § 105 of the Bankruptcy Code concluded that because there is nothing in the legislative history of the Bankruptcy Reform Act of 1978 concerning the applicability, vel non, of 26 U.S.C. § 7421(a), it is clear that Congress

did not intend to create an exception to the reach of this statute or it would have so stated. In support of this conclusion, the District Court largely relied on the case of *Petrusch v. Teamsters Local 317, Syracuse, N.Y. (In re Petrusch)*, 667 F.2d 297 (2d Cir.1981), cert. denied 456 U.S. 974, 102 S.Ct. 2238, 72 L.Ed.2d 848 (1982), aff'g 14 B.R. 825 (N.D.N.Y.1981). This case involved an attempt by a Chapter 13 debtor to restrain a labor union from picketing his place of business. The Court of Appeals concluded that "nowhere in the legislative history of the Bankruptcy reform Act of 1978 ... is any reference made to the Norris-LaGuardia Act. Such omissions are to us self-evident proof that Congress never intended to supercede or transcend it ..." *In re Petrusch, supra.* Adopting the reasoning of the Court of Appeals in *Petrusch*, the District Court held that "nothing in the general language of § 105(a) indicates that Congress intended it to supercede the proscription of the Anti-Injunction Act; nor has this court located any indication of such intent in the legislative history of the Bankruptcy Reform Act of 1978 (or in the Bankruptcy Tax Act of 1980, Pub.L. No. 96–589). This omission indicates that Congress did not intend, by enacting § 105(a), to supercede 26 U.S.C. § 7421(a)." *In re Pressimone, supra* citing, *In re Petrusch, supra.*

It should be noted, however, that in deciding the question of whether 11 U.S.C. § 365 of the Bankruptcy Code includes collective bargaining agreements subject to the National Labor Relations Act, in *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), the United States Supreme Court determined that the failure by Congress to expressly exclude collective bargaining agreements from the reach of 11 U.S.C. § 365(a) indicates that Congress intended that § 365(a) apply to all collective bargaining agreements subject to the Railway Labor Act by virtue of 11 U.S.C. § 1167, the Court stated:

> "Obviously Congress knew how to draft an exclusion for collective bargaining agreements when it wanted to."

Thus, in the *Bildisco* case, the Supreme Court, contrary to the apprach taken by the *Petrusch* court determined that at least in that instance, congressional silence in the relevant provision of the Bankruptcy Code, i.e. § 365 and the failure to carve out an express exception superceded the applicable provisions of the NLRA and meant that Congress did not intend to exempt labor contracts from the reach of § 365(b).

Thus, silence by Congress on the question now before this Court is not overly persuasive especially when the entire scheme of reorganization under Chapter 11 is considered.

■ The Bankruptcy Code has elaborate provisions to protect the interest óf the Government by granting a priority treatment to its tax claims by requiring that a plan of reorganization cannot be confirmed unless the Government receives a full payment of taxes under § 1129(a)(9)(C) (sic). The congressional scheme for the treatment of tax claims in this Chapter speaks against an absolute enforcement of the anti-injunction statute. If the Government is permitted to proceed to undertake steps to collect taxes owed by a debtor directly in Chapter 11 cases, there is no question that very few efforts of reorganization would succeed and such collections efforts would be a clear violation of the automatic stay provisions of the Code, § 362, and if collection efforts continued post-petition there is hardly any doubt that the persons responsible for the violation could be held in contempt, but also could be enjoined notwithstanding the seemingly clear language of 26 U.S.C. § 7421(a) which prohibits injunctive relief against collection of taxes. Carrying this premise one step further there is no logical reason that under certain circumstances, an attempt by the Government to collect taxes from a non-debtor principal of a corporate debtor may produce the same negative results and an impact contrary to the rehabilitative aim of the Chapter. Clearly, the fact that the Government may be delayed in collection must be carefully weighed against the

harm to be visited upon the Debtor attempting to reorganize. This is not to say that the same principles which govern collection efforts by the Government from debtors shall apply to collection from non-debtors. There is a heavy burden on the Debtor to establish that unless the relief sought on behalf of the non-debtor is granted, the chances of a debtor to effectuate a reorganization would be effectively destroyed.

Based on the foregoing general principles, the Courts did not hesitate in the past to grant injunctive relief protecting non-debtors who are jointly liable with the debtor under special circumstances if such protection is deemed to be essential to the efforts of the debtor to achieve rehabilitation. *Otero Mills, Inc. v. Security Bank and Trust (In re Otero Mills, Inc.)*, 25 B.R. 1018 (D.N.M.1982); *Old Orchard Investment Co. v. A.D.I. Distributors, Inc. (In re Old Orchard Investment Co.)*, 31 B.R. 599, 10 BCD 1200 (W.D.Mich.1983). These courts conclude that the Bankruptcy Court has ample power pursuant to § 105 of the Code to issue such orders which appear to be necessary and appropriate to carry out the provisions of Title 11, and in appropriate circumstances, to protect non-debtors. *Landmark Air Fund II v. Bancohio National Bank (In re Landmark Air Fund II)*, 19 B.R. 556 (Bkrtcy.N.D.Ohio 1982).

This Court is satisfied that while the Debtor is not entitled to the relief it seeks at this time it should be given an opportunity to establish with competent persuasive proof that the injunctive relief is essential to prevent irreparable harm to the estate; that unless the relief is granted the chance of this Debtor to achieve rehabilitation is destroyed; that the interest of the Government is adequately protected; and that, therefore, the Government should not be permitted at this time to proceed against non-debtors with its collection efforts.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the oral motion to dismiss is denied and the Government is granted 10 days from the date of this order to file an answer. It is further

ORDERED, ADJUDGED AND DECREED that the matter shall be set down at once for a final evidentiary hearing.