In the Matter of A & B HEATING AND AIR CONDITIONING, INC., Debtor.

A & B HEATING AND AIR CONDITIONING, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 84–424.
Adv. No. 84–277.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 15, 1985.

Shirley Arcuri, Tampa, Fla., for plaintiff.

Marika Lancaster, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Complaint filed by A & B Heating and Air Conditioning (A & B Heating). The Complaint seeks a permanent injunction against the Internal Revenue Service (IRS) prohibiting the IRS from undertaking any further steps in its attempt to collect taxes from the principal of A & B Heating, taxes assessed against the principal of A & B Heating, a non-debtor, pursuant to the penalty provisions of the Internal Revenue Code 26 U.S.C. § 6672(a). Shortly after the filing of the Complaint, the Debtor sought an emergency hearing in order to obtain an immediate injunction.

The government promptly responded by filing a Motion and challenged the right to relief sought by A & B Heating contending that the Internal Revenue Code (IRC, 26 U.S.C. § 7421(a)) prohibits any action to restrain the assessment or collection of taxes. The Court having considered the Government's Motion and authorities cited in support of and in opposition to the respective positions of the parties, initially concluded that the apparent conflict between the anti-injunction provisions of 26 U.S.C. § 7421(a) and the overall policy aims of the Bankruptcy Code should be resolved in favor of the Bankruptcy Code. Based on that conclusion this Court denied the Motion to Dismiss. 48 B.R. 397. This Court also concluded that the Debtor was not entitled to the emergency relief it sought because the request presented was procedurally defective, but held that the Debtor should be given an opportunity to establish by competent, persuasive proof that an injunction is essential in order to prevent irreparable harm to the estate; that its chances to achieve rehabilitation is destroyed; and, that the interest of the Government is adequately protected and it will not suffer any injury if the injunctive relief is granted.

The proof presented in support of the relief sought at the final evidentiary hearing reveals the following:

A & B Heating is a closely held corporation. Mr. Clement, a non-debtor, is its president and is the sole stockholder. A & B Heating has four employees including Mr. Clement. A & B Heating is engaged in installing and servicing air conditioning

systems primarily in commercial buildings. According to the financial statement of A & B Heating (Pl's Exh. 1), as of August 31, 1984, it had a job income of $130,747.08. While there is some evidence in the record that because of its poor cash position it is unable to purchase additional updated equipment necessary to increase its business, such as a duct machine and a truck, there is no specific evidence in this record to indicate that any assets of Mr. Clement are actually devoted, or will be devoted in the future, to the acquisition of these items, either by sale or by refinancing some of his personal assets. While there is some evidence that he has substantial equity in his marital home, owned by him and his wife jointly as tenants by the entireties, there is no evidence of any serious attempt to sell this property at this time. Mrs. Clements has no tax liability and is not subject to the collection efforts of the IRS.

It is without dispute that by virtue of the assessment made by the IRS, Mr. Clements is liable for fiduciary taxes based on the 100% assessment, in the total amount of $25,127.63. The notice of assessment by the Government was mailed June 18, 1984. The Petition of A & B Heating for Relief under Chapter 11 was filed on February 7, 1984. Thus, it is without dispute that the 100% penalty assessment against Mr. Clements was made after the commencement of the Chapter 11 case. The record reveals that A & B Heating is currently furnishing adequate protection to the Government by a monthly payment of $500. In spite of this, the agent of the IRS made it clear that the IRS intends to pursue its collection efforts against Mr. Clements by requesting financial information from him and a disclosure of his assets in order to levy on those assets. This, of course, would entail a series of time-consuming activities by Mr. Clements because it would require a compilation of financial records, responding to subpoenas and submitting to personal interviews with the agents of the IRS.

As noted earlier, A & B Heating has only four employees, including Mr. Clements, who devotes his full time not only to the conduct of the day-to-day business of A &

B Heating, but also is the only person who does the bookkeeping work for A & B Heating. In addition to running the business, he assists counsel for A & B Heating in preparation of a disclosure statement and formulation of a plan of reorganization. He also prepares the financial data required by the Order which authorized A & B Heating to continue to operate its business.

Basically, this is the factual background established by the record, germane to the resolution of the matter under consideration and which is determinative of A & B Heating's right to the relief sought.

■ It should be noted at the outset that the automatic stay imposed by § 362 does not protect non-debtors and was designed only to protect a Debtor who seeks relief under any operating chapter of the Bankruptcy Code. Chapter 11, unlike Chapter 13, contains no provision to protect non-debtors who are jointly liable on a debt with the debtor. Nevertheless, there are respectable authorities which hold that under specific circumstances non-debtors may be protected, albeit temporarily, if such protection is essential to the efforts of a Debtor to achieve rehabilitation. *Otero Mills, Inc. v. Security Bank and Trust (In re Otero Mills)*, 25 B.R. 1018 (D.N.M. 1982); *Old Orchard Investment Co. v. A.D.I. Distributors, Inc. (In re Old Orchard Investment Company)*, 31 B.R. 599, 10 BCD 1200 (W.D.Mich.1983); *In re Johns-Manville Corp.*, 26 B.R. 420 (Bankr.S.D. N.Y.1983).

■ However, it is equally clear that before injunctive relief can be granted, the party seeking the protection must make a very clear case that the relief, if granted, would not damage the other party. *Landis v. North American Company*, 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

■ A Chapter 11 proceeding is equitable in nature, it being a rehabilitation chapter. *In re Ware Spaces*, 5 B.R. 204 (Bankr.D.Hawaii 1980). At the beginning of the reorganization process, the Court

must work with less evidence than might be desirable and should resolve issues in favor of the reorganization, where the evidence is conflicting. *In re Heatron, Inc.*, 6 B.R. 493 (Bankr.W.D.Mo.1980). As noted earlier, this case was filed in February, 1984 and A & B Heating is yet to submit a Disclosure Statement and Plan of Reorganization.

In order to dilute the persuasiveness of A & B Heating's contention that the Government is adequately protected, Government urges that the obligation owed by Mr. Clements to the Government is distinct not only in amount, but also in character, from the obligation owed by A & B Heating. This is so, contends the Government, because the obligation of A & B Heating is based upon the non-payment of taxes whereas the obligation imposed by law on Mr. Clements is limited to the fiduciary portion of those taxes and is based on the 100% penalty provision of the IRC. The logic of the argument advanced by the Government is not persuasive, is based on a distinction without real difference and has little bearing on the ultimate question, which is, whether or not Mr. Clements is entitled to receive a temporary respite from the collection efforts of the Government so that he may devote his full time and energy to the work necessary to achieve the rehabilitation of A & B Heating.

The proof presented by the Debtor concerning the need to immunize the assets of Mr. Clements is less than adequate and will not carry the time of day. The real property owned by Mr. Clements is not subject to the claim of the Government since it is held by Mr. Clements together with his wife as tenants by the entireties and there is no evidence in this record to indicate that the 100% penalty assessment was made against his spouse. In addition, the alleged efforts of Mr. Clements to use the equity in his marital home, either through a sale or refinancing, in order to acquire funds needed for the acquisition of additional equipment was unpersuasive. However, considering the totality of the evidence presented, this Court is satisfied that Mr. Clements is entitled to limited temporary protection against the collection efforts of the Government so that he may devote his full time and energy to the rehabilitation of A & B Heating under Chapter 11 of the Code. In light of the fact that the Government is receiving adequate protection payments and in light of the fact that this Chapter 11 case should be given an opportunity to succeed, the relief sought by the Complaint is warranted.

Considering all the foregoing, it appears that the president of A & B Heating, Mr. Clements, is entitled to at least temporary protection from the collection efforts of the IRS unless the anti-injunction provision of 26 U.S.C. § 7024 presents an absolute bar and prohibits the granting of the relief sought. This Court considered this matter initially in the context of the Motion to Dismiss filed by the Government. In denying the Government's Motion, this Court concluded that the seemingly irreconcilable conflict between the policy aims of the IRC and the Bankruptcy Code must be resolved in favor of the rehabilitation policy of the Bankruptcy Code under the special circumstances of this particular case. There is nothing in this record which would require a different result.

A separate final judgment will be entered in accordance with the foregoing.