In re WILLIAM NETHERLY, INC., Debtor.

WILLIAM NETHERLY, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 84–287.
Adv. No. 85–210.

United States Bankruptcy Court,
M.D.Florida,
Tampa Division.

Oct. 16, 1985.

Larry Segall, Tampa, Fla., for debtor.

Lynne England, Asst. U.S. Atty., Tampa, Fla., George Rita, Trial Atty., Dept. of Justice, Washington, D.C., for the U.S.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

On February 7, 1984 William Netherly, Inc., (Debtor), filed its Petition for Relief under Chapter 11. In due course the Debtor submitted its Disclosure Statement and Plan of Reorganization and on January 31, 1985 this Court entered an Order and confirmed the Amended Plan of Reorganization. At the commencement of the case the Debtor was indebted to the Internal Revenue Service in a substantial amount as a result of its failure to withhold taxes from the wages of employees as required by law. It is without dispute that at the time relevant William C. Netherly was and still is the President and Chief Executive of the Debtor in full charge of its affairs and his wife, Myrtle Ann Netherly, was and still is an employee of the corporation, although it does not appear that she was either an officer or director of the Debtor. The confirmed Plan of Reorganization of the Debtor provides, inter alia, for payments to the IRS of $2,000 per month installments during the life of the Plan which, if consumated, would be a full satisfaction of the priority tax claim of the IRS filed in the case. The Plan provides an appropriate interest rate to be paid on the claim of the IRS. There is nothing in the confirmed Plan which would prohibit the IRS from collecting from William C. and Myrtle Ann Netherly any portion of its tax claim, neither is there any provision in the confirmed Plan which provides that any payments made under the Plan by the Debtor are to be applied, first to reduce the

trust fund portion of the obligation owed by the Debtor, thus ultimately absolve the principals of the Debtor of any liability imposed on them as responsible persons by § 6672(a)(2) of the Internal Revenue Code of 1954, 26 U.S.C. § 6672(a)(2). The Amended Plan of Reorganization which was ultimately confirmed was not challenged by the IRS although the IRS was fully participating in the case from the very beginning and was properly noticed during the entire Chapter 11 case, including the hearing on the Disclosure Statement submitted by the Debtor. Of course, the IRS was also properly noticed for the hearing on confirmation. The IRS realizing that it is bound by the terms of the confirmed Plan now attempts to collect the fiduciary portion of the taxes from William C. and Myrtle Ann Netherly even though it is without dispute that the IRS is receiving the installment payments provided for in the confirmed Plan, that is, $2,000 per month.

Based on the foregoing the Debtor now seeks an injunction prohibiting the IRS from proceeding with its collection efforts against the principals of the Debtor, Mr. and Mrs. Netherly who are not involved in any case as Debtors under any of the operating chapters of the Bankruptcy Code.

In support of its request for injunctive relief, the Debtor relies on the cases of *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975); *Driscoll's Towing Service, Inc. v. United States*, 43 B.R. 647 (Bankr. S.D.Fla.1984) and this Court's decision in *A & B Heating & Air Conditioning, Inc. v. United States. (In re: A & B Heating & Air Conditioning, Inc.,)* 48 B.R. 401 (Bkrtcy.1985). These cases generally stand for the proposition that the Bankruptcy Court does have the power, under certain limited and special circumstances, to enjoin the assessment and collection of taxes in order to assure that the rehabilitative purpose of the Bankruptcy Code is not frustrated and is carried out.

In opposition of the relief sought by the Debtor the IRS cites *In re Becker's Motors Transportation, Inc.*, 632 F.2d 242 (3rd Cir.1980); *U.S. v. Rayson Sports*, 44 B.R. 280, 54 A.F.T.R.2d 84–6434 (N.D.Ill.1980), and *In re Pressimone*, 39 B.R. 240 (N.D.N.Y.1984) all of which stand for the proposition that the rehabilitative policy of the Bankruptcy Act of 1978 and the authority given to Bankruptcy Courts under § 105 of the Bankruptcy Code does not override the clear mandate of the "anti-injunction tax statute, IRC § 7421(a) which in pertinent part provides as follows:

26 U.S.C. § 7421(a)

(a) Tax ... No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against who such tax was assessed.

It should be noted at the outset that the issue raised by the Complaint and the position taken by the IRS presents a difficult question and is not easily susceptible for a simple resolution due to the seemingly clear language of the anti-injunction statute. Although the issue has been frequently considered by courts, the courts are by no means in agreement as to the proper resolution of this obvious conflict between the overall policy aims of the Bankruptcy Code and the specific provisions of the anti-injunctive statute, 26 U.S.C. § 7421(a). It is not really surprising that a review of the authorities presents a totally irreconcilable disagreement among courts about the proper resolution of this question. See *Jon Co., Inc. v. United States (In re Jon Co., Inc.)*, 30 B.R. 831 (D.Colo.1983); *Vetere v. United States (In re County Wide Garden Center)*, 25 B.R. 203 (Bankr.S.D.N.Y.1982); *Petrusch v. Teamsters Local 317, Syracuse, N.Y. (In re Petrusch),* 667 F.2d 297 (2d Cir.1981), *Steel Products, Inc., v. United States, (In re Steel Products, Inc.,)* 12 B.C.D. 1055, 47 B.R. 44 (Bankr.W.D.Wash.1984); *In re Original Wild West Foods, Inc.*, 45 B.R. 202 (Bankr.W.D.Tex.1984).

Having considered the authorities which deals with this subject, this Court is of the opinion that the case of *Steel Products supra* presents a better reasoned position. In *Steel Products* the Court having considered this question stated that:

"The Anti-Injunction Act, 26 U.S.C. § 7421(a), does not preclude the Bankruptcy Court from granting injunctive relief against the IRS because Congress through enactment of the Bankruptcy Code, has evinced an intention to enact a particularized yet complete statutory scheme governing bankruptcy that overrides the general policy reflected by the Anti-Injunction Act."

*In re Steel Products, Inc., supra,* 12 B.C.D. at 1056, 47 B.R. 44.

While the IRS is correct when it states that the basic procedure for litigating a federal tax liability is based on the principle of "pay first and litigate later," this policy must be subordinated to the policy of providing a realistic method for rehabilitation of Debtors under the rehabilitative provisions of the Bankruptcy Code.

The repayment plan of the claim of the IRS proposed by the Debtor and which is embodied in the confirmed Amended Plan of Reorganization is in full conformity with the Bankruptcy Code which permits a deferred payment of tax obligations of Debtors within a time frame provided for by § 1129(a)(9)(C) of the Bankruptcy Code. It is no secret that a great number of debtors with substantial tax liabilities of the very same type involved in this case seek relief in bankruptcy courts. There are numerous small closely held corporations whose very survival is dependent upon their continuing ability of the principals to effectively participate in the affairs of the Debtor and to operate the business of the Debtor during the pendency of the case. While this Court would ordinarily follow the principle "pay first litigate later" approach urged by the IRS in the context of a Chapter 11 case, any realistic possibility of rehabilitating debtors who have substantial tax liability would be put in serious jeopardy if not completely lost if this principle is accepted. However, one must distinguish whether or not the collection efforts of the IRS directed to the non-debtor principals takes place prior to or subsequent to confirmation. This is so because the need of protection of the principals is different before confirmation from the situation which generally prevails post-confirmation. Non-debtor principals may be entitled to a limited and temporary protection pre-confirmation for the simple reason that they should be permitted to devote their full energy and time to organize the affairs of a debtor and work without any interference from the IRS on a Plan of Reorganization and devote their full time and energy toward effectuating a Plan of Reorganization which, of course, would be of benefit to all including the IRS. A slight delay of collection of taxes when balanced against the possible handicap and hurt to the general estate would, under proper circumstances, certainly justify a temporary respite by way of injunctive relief. The situation is radically different, however, when injunctive relief is sought post-confirmation. This is so because injunctive relief is no longer justified in such a situation unless either the properties of the non-debtor principal represent the source of funding the Plan or at least the properties of the non-debtor principal are used as collateral to secure the necessary funding for the Plan. Thus, upon confirmation, the burden to establish a right to the relief sought is far heavier than the burden on a debtor pre-confirmation at the initial embryonic stage of the reorganization process.

▪ From the foregoing it should be apparent that the additional contention of the IRS that the Debtor lacks standing to seek an injunction against assessment or collection of taxes against non-debtors is without merit. When viewed in the vacuum, this proposition is obviously correct and cannot be seriously challenged. In the context of a Chapter 11 case, however, it should be evident that the assessment or collection of taxes from a responsible officer of a Debtor might cause a serious detriment to the efforts of a corporate Debtor to effect a reorganization pre-petition or may put completely in jeopardy an already confirmed Plan under the circumstances, noted above. From the foregoing, one should have no difficulty to conclude that the Debtor does have, under limited circumstances, stand-

ing to seek and obtain injunctive relief protecting non-debtors.

Having arrived at the conclusion that it may be appropriate to grant injunctive relief and this Court has the power by virtue of § 105 of the Bankruptcy Code to enjoin assessment and collection of taxes in spite of the seemingly mandatory prohibition of the anti-injunction statute, 28 U.S.C. 7421(a), this leaves for consideration whether or not the facts presented in this particular situation warrant the injunctive relief sought.

As noted earlier, the Debtor's Amended Plan has already been confirmed which was not the case in the case of A & B Heating, supra in which this Court granted temporary relief to the principal of the Debtor corporation for the purpose of enabling him to devote all his efforts toward reorganizing the Debtor and formulate a Plan of Reorganization. In A & B Heating the evidence revealed that the principal of the Debtor was in sole charge of all the affairs of the Debtor; moreover, he intended possibly to use his marital home as a source of obtaining additional funding necessary to effectuate a Plan of Reorganization and to continue to operate the business. In the present situation obviously there is no need for Mr. & Mrs. Netherly to work toward formulating a Plan of Reorganization, simply because the Debtor's Plan has already been confirmed. In addition, there is no evidence in this record which would indicate that any of the personal assets of Mr. & Mrs. Netherly are needed to carry out and consumate the Debtor's Plan. In sum, this record fails to indicate the exceptional and special circumstances which would warrant granting the injunctive relief sought since this Court is satisfied that the continuing collection efforts by the IRS of the fiduciary portion of the taxes from Mr. & Mrs. Netherly will present minimal or no negative impact on the ability of this Debtor to consumate the confirmed Plan of Reorganization.

Based on the foregoing, this Court is satisfied that it is appropriate to enter a final judgment in favor of the United States of America and against the Debtor and to dismiss the Complaint with prejudice.