In re O.H. LEWIS CO., INC., Debtor.

O.H. LEWIS CO., INC., Plaintiff,

v.

UNITED STATES DEPARTMENT OF the TREASURY, Internal Revenue Service, Defendants.

Bankruptcy No. 83–00248.
Adv. Nos. 83–0041, 83–0042.

United States Bankruptcy Court,
D. New Hampshire.

July 28, 1984.

Daniel Callaghan, Manchester, N.H., for debtor.

W. Stephen Thayer, III, U.S. Atty., Concord, N.H., Christopher Kliefoth, Trial Atty., Tax Division, Washington, D.C., for defendants.

## MEMORANDUM OPINION

### and

### ORDER

JAMES E. YACOS, Bankruptcy Judge.

The Chapter 11 debtor in these adversary proceedings seeks an injunction against the United States and its agents, the Internal Revenue Service, to prevent the taxing agency from proceeding against officers of the debtor corporation to collect certain penalty tax assessments under 26 U.S.C. § 6672. Identical complaints were filed by the debtor in both adversary proceedings and will be referred to as the "complaint" herein. This liability arises from the failure of such officers to see that "trust-fund" payroll taxes withheld by the corporate debtor prior to bankruptcy be paid over to the government.

The government filed a motion to dismiss the complaint, on an asserted lack of standing by the debtor to seek this relief on behalf of nondebtor individuals, and further on the basis that the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars a federal court from granting injunctive relief against the collection of federal taxes.

■ Since the motion tests the complaint with all alleged facts taken in their strongest light for this purpose, the court concludes that the standing issue would not itself bar relief, inasmuch as the complaint alleges that pursuit of its corporate officers by IRS imperils its confirmed plan of reorganization. The debtor alleges that additional investment of both time and money by these officers is essential to the consummation of the plan and the future operations of the reorganized debtor.

The debtor alleges that such activity and investment by its officers, necessary to make the plan work, is being disrupted by the IRS collection efforts. The debtor further points out that the IRS will be paid the taxes in question under the plan.

The debtor accordingly is directly aggrieved, and a true case and controversy is presented, on the face of the complaint. The objection to standing therefore must be denied. Cf. *In re Jon Company, Inc.,* 30 B.R. 831, 9 C.B.C. 2d 1, 4 (Dist.Ct., Colo., 1983).

■ The Anti-Injunction Act presents a more difficult question, which has caused a sharp split in the circuits. See, *Bostwick v. United States,* 521 F.2d 741 (8th Cir.1975); *Matter of Becker's Motor Transport, Inc.,* 632 F.2d 242 (3d Cir.1980). Conflict continues in the lower courts as to whether the Bankruptcy Code or the Internal Revenue Code should prevail. See, *In re Mildred Pressimore,* 39 B.R. 240 (NDNY, 1984); *In re Datair Systems Corp.,* 37 B.R. 690, 11 B.C.D. 1235 (N.D.Ill., 1983).

Courts do have power to carve limited exceptions to the Anti-Injunction Act. *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Moreover, the Bankruptcy Code in § 105 provides broad equitable power to the bankruptcy court to effectuate the Code. This provision has been used to support injunctive relief notwithstanding 26 U.S.C. § 7421(a). *In re Datair Systems,* supra, 37 B.R. 690, 11 B.C.D. at pp. 1237–38.

■ The courts forced to choose between the bankruptcy law and the tax law have largely debated the presumed intent of Congress, in general terms, as to the competing demands of the two statutes. However, as *Datair* recognizes, the question fundamentally is an equitable one as to whether discretionary relief should be granted in a particular case.

■ None of the decisions to date have grappled directly with what this court at least concludes is the most important factor, i.e., the availability of an alternative remedy at law that would eliminate the need for a § 105 injunction necessarily frustrating the strong tax policies underlying the penalty tax sanction against corporate officials who play fast and loose with tax monies withheld from employees.

The alternative remedy is quite simple. The corporate insiders can earn the protection of the bankruptcy laws, against the tax collector, by filing their own companion Chapter 11 proceedings. This will bring into effect the automatic stay provision of § 362 of the Code for their benefit—again stopping the tax collector it is true—but doing it in the context of full disclosure of assets and liabilities by the individual seeking such protection.

The foregoing alternative would then accommodate the policies of both federal statutes, without trampling on important concerns of either. This court employed the same rationale recently, in granting a motion to dismiss a request for injunctive relief to protect a nondebtor party, in a somewhat different context, in *In re Venture Properties, Inc.,* 37 B.R. 175, 10 C.B.C. 2d 169 (1984).

The underlying realities in the present situation are candidly set forth by the debtor in paragraphs 7 and 8 of its complaint:

On April 13, 1984, the debtor filed its Plan of Reorganization with the Court. The plan provided to pay IRS, in full, in sixty (60) consecutive monthly installments equal to its unpaid taxes, together with interest at the annual rate of 12%. The provision for payment to IRS conform with the requirements of section

1129 of the United States Bankruptcy Code and, therefore, IRS is not impaired under the Plan.

The proposed Plan and Disclosure Statement were forwarded to IRS for its review. The IRS refused to discuss this matter further without disclosure by the Officer of all assets owned by the Officer. The Officer refused to disclose any such information to IRS without assurances that IRS would not institute collection proceedings against the Officer.

The complaint also alleges repeatedly that the corporate officers will not be able to invest in the reorganized debtor without the requested injunction. But as indicated above, they could protect themselves by their own Chapter 11 filings, and any necessary investment could be handled as a part of their own plans.

It is unnecessary here to consider a blanket ruling that 26 U.S.C. § 7421(a) will always preclude any discretionary injunctive relief against tax collection under § 105 of the Bankruptcy Code. It is sufficient to conclude, as the court does, that the complaint presently before the court is subject to dismissal for failure to state a claim upon which relief can be granted, in that irreparable injury and sufficient equitable grounds to justify such relief are not set forth.

In view of the unusual procedural posture in which this issue reaches the court, subsequent to confirmation of the corporate debtor's plan that is in the process of consummation, the dismissal of the complaint will be with leave to amend as the debtor may be advised.

WHEREFORE, in accordance with the foregoing findings and conclusions, it is

ORDERED, ADJUDGED and DECREED that the Motion to Dismiss by the United States is granted; the Complaint is dismissed; and the debtor shall have 10 days from the date of this Order within which to file an amended complaint if it so desires.