In the Matter of DRISCOLL'S
TOWING SERVICE, INC.,
Bankrupt.

UNITED STATES of America,
Appellant,

v.

DRISCOLL'S TOWING SERVICE,
INC., Appellee.

Nos. 85–6090–Civ, 82–02304–BKC–JAG
and 82–0262–Adv–BKC–JAG.

United States District Court,
S.D. Florida, N.D.

July 24, 1985.

Elizabeth Sullivan, Steven Shapiro, Tax Div., Dept. of Justice, Washington, D.C., for appellant.

Chad P. Pugatch, Cooper, Shahady, Frazier, Pugatch & Meyer, P.A., Fort Lauderdale, Fla., for appellee.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the appeal taken by the United States of America from the October 24, 1984 Final Judgment Granting Permanent Injunction, 43 B.R. 647, in which the Honorable Joseph A. Gassen, United States Bankruptcy Judge for the Southern District of Florida, enjoined the Internal Revenue Service from collecting a 100% penalty assessed under Title 26 U.S.C.A., section 6672 (West Supp. 1985). For the reasons set forth below, the Final Judgment will be VACATED.

In November 1982, Driscoll's Towing Service, Inc. filed for protection under Chapter 11 of the United States .Bankruptcy Code, 11 U.S.C.A. §§ 1101–1146 (West 1979). Thereafter, the United States, through the Internal Revenue Service ("IRS"), filed a proof of claim for past-due employment taxes.

In March 1984, IRS made assessments against the individual principals of the

bankrupt corporation pursuant to Title 26 U.S.C.A., section 6672. The amount assessed against each responsible principal equaled 100% of the employees share of the "trust fund" portion of the employment taxes.

The bankrupt then successfully initiated an adversary proceeding in the bankruptcy court to enjoin collection of the 100% penalty assessments against its principals.[1] The bankruptcy court enjoined further collection activity, and this appeal followed.

The United States argues that the bankrupt corporation lacked standing to attack the tax liability of its principals.

This court agrees.

Title 26 U.S.C.A., section 6672(a) provides that:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over...."

This section places a separate and personal obligation upon any individual responsible for the collection of taxes. Thus, by "cut[ting] through the shield of organizational form" and imposing liability upon those corporate principals actually responsible for withholding and paying taxes, section 6672(a) provides an effective means for ensuring that the corporate employer meets its tax obligations. *Allen v. United States*, 547 F.Supp. 357, 359 (N.D.Ill.1982).

■ This liability is clearly separate and distinct from and in addition to tax liabilities imposed upon the employer corporation itself. *Howard v. United States*, 711 F.2d 729 (5th Cir.1983); *Hornsby v. United States*, 588 F.2d 952 (5th Cir.1979); *Newsome v. United States*, 431 F.2d 742 (5th

Cir.1970); *United States v. Huckabee Auto Co.*, 46 B.R. 741 (M.D.Ga.1985).

■ This court finds that the corporate principals' individual liability under section 6672 is, indeed, separate and distinct from the bankrupt's tax liability, and the bankrupt, therefore, lacked standing to challenge its principals' liability. See, *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 27, 96 S.Ct. 1917, 1919, 48 L.Ed.2d 450 (1976) (an individual cannot litigate the tax liability of another). The bankruptcy court's entry of a permanent injunction was, therefore, clearly erroneous.

The court notes that the validity of section 6672 assessments upon the individual principals of bankrupt corporations is one of the "hottest" issues confronting the federal courts with the authorities well divided on the question. This court respectfully disagrees with those learned courts that have found the requisite standing. See, *In re Jon Co., Inc.*, 30 B.R. 831 (D.C.D.Colo.1983); *In re O.H. Lewis Co., Inc.*, 40 B.R. 531 (Bankr.D.N.H.1984); *In re Datair Systems Corp.*, 37 B.R. 690 (Bankr.N.D.Ill.1983).

■ The principals of the bankrupt, having created the corporate entity to insulate themselves from personal liability, seek to use the corporation to further shield themselves from their own personal liability under the Internal Revenue Code. Whether the bankrupt will be injured by the collection of the principals' own tax liability is immaterial. Absent clear congressional intent to the contrary, the corporation's financial health cannot be used as an excuse by the corporate principals for avoiding their personal obligations to account for and be responsible for employment taxes.

■ Assuming *arguendo* that the bankrupt had standing to seek injunctive relief, an injunction would still be unavailable to the corporate principals by reason of the Anti-Injunction Act.

1. The bankrupt then filed a plan of reorganization that was neither accepted nor rejected by IRS. The plan was confirmed on June 18, 1984.

The Anti-Injunction Act, 26 U.S.C.A. § 7421(a) (West Supp.1985), provides that:
Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The clear purpose of the Act is to provide the United States with a mechanism for the expeditious assessment and collection of taxes with a minimum of judicial interference. *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

The bankruptcy court herein held that the provisions of the Anti-Injunction Act must yield to the overall objects and purposes of the bankruptcy laws. The bankruptcy court erroneously concluded that "the Anti-Injunction Act ... is not applicable in that the intention of Congress to enact a complete scheme governing bankruptcy overrides the general policy represented by the Anti-Injunction Act." Findings of Fact and Conclusions of Law, p. 5.

This court disagrees.

However persuasive the arguments against application of § 7421(a) to bankruptcy adjudications may be, we believe that a bankruptcy court exemption cannot be judicially fashioned without contravening congressional intent. Although there may be some merit in permitting the policy behind the Bankruptcy Act to outweigh the rationale that underpins the anti-injunction legislation, such argument should be addressed to Congress.

*Matter of Becker's Motor Transportation, Inc.,* 632 F.2d 242, 246 (3d Cir.1980) (footnote omitted); *United States v. Rayson Sports, Inc.,* 44 B.R. 280, 54 AFTR 2d 84–8434,6436 (N.D.Ill.1984). Therefore, absent express direction from Congress, the federal courts are bound by the plain, unambiguous language of the Anti-Injunction

Act—the collection or assessment of taxes *cannot* be enjoined unless special circumstances, not present here, exist.[2] See, *South Carolina v. Regan,* 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984); *Bob Jones University v. Simon, supra.*

Accordingly, the court finds that (a) the bankrupt clearly lacked the requisite standing to seek injunctive relief on behalf of its corporate principals, and (b) assuming such standing *arguendo,* the Anti-Injunction Act nevertheless prohibits judicial intervention that interferes with the assessment and collection of taxes. Therefore, it is hereby

ORDERED AND ADJUDGED that the Final Judgment Granting Permanent Injunction entered on October 24, 1984, be and the same is VACATED, and the permanent injunction is hereby DISSOLVED.

[2]. Congress was not silent on all tax matters relevant to bankruptcy proceedings. Title 11 U.S.C.A., section 505(a)(1) (West 1979) expressly authorizes bankruptcy courts to "determine the amount or legality of any tax, any fine or penalty relating to a tax or any addition to a tax...."