In the Matter of CAMPBELL ENTER-
PRISES, INC., Debtor.

CAMPBELL ENTERPRISES, INC. a
New Jersey Corporation, Plaintiff,

v.

UNITED STATES of America DEPART-
MENT OF TREASURY INTERNAL
REVENUE SERVICE, Defendant.

Bankruptcy No. 84–06329.
Adv. No. 85–0188.

United States Bankruptcy Court,
D. New Jersey.

June 4, 1986.

Archer & Greiner, by George J. Wallace, Haddonfield, N.J., for Campbell Enterprises, Inc.

David S. Grossman, Asst. U.S. Atty., U.S. Dept. of Justice, Tax Div., for defendant.

ROSEMARY GAMBARDELLA, Bankruptcy Judge.

The matter presently before the Court is a complaint filed by the debtor-in-possession, Campbell Enterprises, Inc., (Debtor) seeking an order temporarily and permanently enjoining the defendant, the United States of America Department of Treasury, Internal Revenue Service (IRS), from assessing or collecting, or attempting to assess or collect a 100% tax penalty, pursuant to 26 U.S.C. § 6672, against Thomas R. Campbell and Ann Campbell. Thomas R. Campbell and Ann Campbell are respectively the president and the former secretary of the debtor corporation. By the same complaint the Debtor is seeking a declaration stating that, so long as the plan of reorganization proposed by the Debtor provides for full payment of the "100% penalty", the Defendant has no right to assess or collect or to attempt to collect the 100% penalty while the Debtor is reorganizing its financial affairs under Chapter 11.

The IRS has filed a motion to dismiss the Debtor's adversary complaint on the grounds that: (1) the complaint fails to state a claim upon which relief may be granted because plaintiff lacks standing to maintain this action; (2) this action is barred by the doctrine of sovereign immunity, and; (3) this action is barred by the Anti-Injunction Act, 26 U.S.C. Section 7421. On October 22, 1985, pursuant to an order shortening time, oral argument on the complaint and on the motion to dismiss the complaint was presented to this Court.

The facts of the case leading up to this decision are as follows. On December 4, 1984, Campbell Enterprises filed a petition under Chapter 11 of the Bankruptcy Code. Campbell Enterprises owes approximately $12,063.32 to the IRS for failure to pay taxes withheld from employees' paychecks. These debts arose prior to the filing of the Chapter 11 petition. The Debtor asserts that pursuant to the plan of reorganization which it will be filing, the corporate tax liability will be paid in full, with interest, in accordance with 11 U.S.C. § 1129.

Thomas R. Campbell is the president, as well as the sole director and shareholder of the Debtor corporation. He testified that he works 100 hours per week at the debtor corporation at an annual salary of $16,900.00. He stated that he performs numerous functions for the company, including retail sales and other managerial work. Ann Campbell, the mother of Thomas R. Campbell, was the secretary of the Debtor corporation until 1983, when she retired. Since that time, Ms. Campbell has done bookkeeping and secretarial work for the corporation, for which she has not been compensated. Ms. Campbell presently works an average of forty-eight hours per week, and up to sixty hours per week during the busiest part of the year for debtor corporation.

The IRS has issued a Proposed Assessment of a 100% penalty against Thomas R. Campbell and against Ann Campbell. On September 10, 1985, the IRS notified Thomas R. Campbell and Ann Campbell that a 100% penalty in the amount of $12,063.32 is to be assessed against each of them. Ann Campbell testified that her principal asset is the equity that she has in her house, which is located at 23 Lafeyette Road, Audubon, New Jersey. Ms. Campbell further testified that she is not in a position to invest any money in connection with the reorganization of the debtor corporation. Thomas R. Campbell testified that his principal asset is the equity that he has in his house, which is located at 236 South LeCato Avenue, Audubon, New Jersey. Mr. Campbell further testified that he personal-

ly intends to put capital into the debtor corporation to effectuate a plan of reorganization, including, if necessary, the pledging of his personal assets to secure necessary financing.

Ann Campbell and Thomas R. Campbell assert that the IRS penalty assessment will result in tax liens being placed upon the residences which they own, and will preclude them from obtaining further mortgages on the properties. Such mortgages, the debtor corporation contends, are necessary to the viable reorganization of the debtor corporation. Thomas R. Campbell testified that the debtor corporation intends to propose a plan of reorganization which provides for the payment of all state and federal taxes over six years, with interest.

The issues which will be addressed by this court are: (1) whether the bankruptcy court has jurisdiction over the instant matter; (2) whether the corporate debtor has standing to bring this action to enjoin the IRS from assessing and collecting tax penalties from Thomas R. Campbell and Ann Campbell; (3) whether the IRS has waived its sovereign immunity with regard to the issues presented; (4) whether the anti-injunction act prohibits this court from issuing an injunction against the IRS, and; (5) whether declaratory relief is appropriate under the instant circumstances. There has been a split among the districts, as well as among the circuits, with regard to these issues. *Compare, Bostwick v. United States,* 521 F.2d 741 (8th Cir.1975); *In re Jon Co.,* 30 B.R. 831 (D.Colo.1983); *In re O.H. Lewis Co.,* 40 B.R. 531 (Bkrtcy.N.H. 1984); *In re Datair Systems Corp.,* 37 B.R. 690 (Bkrtcy.N.D.Ill.1983); *In re H & R Ice Co.,* 24 B.R. 28 (Bkrtcy.W.D.Mo. 1982); and *In re Major Dynamics, Inc.,* 14 B.R. 969 (Bkrtcy.S.D.Cal.1981) *with Matter of Becker's Motor Transportation, Inc.,* 632 F.2d 242 (3d Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981); *In re Pressimone,* 39 B.R. 240 (N.D.N.Y.1984); *In re County Wide Garden Center, Inc.,* 25 B.R. 203 (Bkrtcy.S.D. N.Y.1982).

Based upon the following analysis, this court hereby denies the debtor's complaint for injunctive or declaratory relief, and grants the IRS' motion to dismiss the complaint.

The first issue which this court will address is the IRS' contention that this court lacks subject matter jurisdiction over the instant action. The IRS bases this contention upon the fact that the 100% penalty [1] which it intends to assess against Thomas R. Campbell and Ann Campbell is separate and distinct from the corporate debtor's liability for unpaid employment taxes.

In *In re Major Dynamics, Inc.,* 14 B.R. 969 (Bkrtcy.S.D.Cal.1981) (*Major Dynamics*), it was established that a bankruptcy court had jurisdiction to determine tax disputes between third party creditors and the IRS,

> *provided, however,* that the IRS activity to be enjoined directly affected the debtor or the estate, and that the exercise of such jurisdiction was necessary to the rehabilitation of the debtor or the orderly and efficient administration of the debtor's estate.

*Id.* at 972. *Accord, In re Original Wild West Foods, Inc.,* 45 B.R. 202, 206 (Bkrtcy. W.D.Tx.1984). The *Major Dynamics* court reasoned that 11 U.S.C. § 505(a)(1), which grants bankruptcy courts jurisdiction to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax," does not preclude the bankruptcy court from hearing matters

---

**1.** 26 U.S.C. § 6672 (1985) provides in relevant part:

> (a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any

such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

concerning the tax liabilities of taxpayers other than debtors. 14 B.R. at 972. The *Major Dynamics* court noted that this reading of 11 U.S.C. § 505(a)(1) is consistent with the general policy of the bankruptcy code to permit bankruptcy courts to resolve all disputes affecting debtors' estates. *Id.* Furthermore, the court in *Major Dynamics*, established that even if 11 U.S.C. § 505(a)(1) is narrowly construed so as to permit bankruptcy courts to consider the tax liability of debtors only, 28 U.S.C. § 1471, as implemented by 11 U.S.C. § 105, provides bankruptcy courts with jurisdiction over any tax matters which arise in, or are related to, bankruptcy proceedings. *Id.*

Although the case of *Major Dynamics* was decided under the Bankruptcy Reform Act of 1978, the rationale of that decision continues to be authoritative. Since the *Major Dynamics* decision was rendered, new jurisdictional sections have been enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (Act), which became effective July 10, 1984. Pursuant to 28 U.S.C. § 1334 and § 157, which sections were created by the Act, this court clearly retains subject matter jurisdiction over the instant proceeding.

Title 28 U.S.C. § 1334 defines the scope of bankruptcy court jurisdiction as follows:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

On July 23, 1984, Chief Judge Clarkson S. Fisher filed a standing order with the United States District Court of New Jersey, captioned "In the Matter of the General Rules of the Court." The standing order provides in part that:

Any or all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 of the United States Code, or arising in or relating to a case under Title 11 of the United States Code shall be referred to the bankruptcy judges for the district.

Furthermore, under 28 U.S.C. § 157(b)(1), bankruptcy judges may hear and determine "all core proceedings arising under title 11, or arising in a case under title 11." The matter presently before this court is a "core" proceeding as defined by 28 U.S.C. § 157(b)(2). Title 28 U.S.C. § 157(b)(2)(A) defines "core proceedings" to include "matters concerning the administration of the estate." Title 28 U.S.C. § 157(b)(2)(O) includes as core proceedings, "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims."

The case of *In re Original Wild West Foods, Inc.,* 45 B.R. 202 (Bkrtcy.W.D.Tx. 1984) (*Wild West*), is factually analogous to the case presently before the court. In *Wild West*, a debtor corporation operating under a Chapter 11 plan sought to enjoin the IRS from collecting a 100% tax penalty from one of its officers. The penalty was assessed as a result of unpaid federal withholding and unemployment taxes. The court, relying upon *Major Dynamics*, held that it clearly had jurisdiction over the matter. The *Wild West* court lifted the assessment and issued a permanent injunction. *Accord, In re Jon Co., Inc.,* 30 B.R. 831 (D.Colo.1983) (upon corporate debtor's adversary complaint, so long as debtor proves four pre-requisite elements of injunction, bankruptcy court has general jurisdiction to enjoin IRS from collecting or attempting to collect penalty against officers and directors of corporation for failure to collect and pay employment-related taxes); *In re H & R Ice Co., Inc.,* 24 B.R. 28 (Bkrtcy.W. D.Mo.1982) (where personal liability of debtor's officer arose from failure of debtor corporation to pay taxes, subject matter of complaint relates to case arising under

Title 11 and bankruptcy court has general jurisdiction).

In *In re H & R Ice Co., Inc.*, 24 B.R. 28 (Bkrtcy.W.D.Mo.1982), the issue before the court was again whether the bankruptcy court had jurisdiction to enjoin the assessment of a 100% tax penalty against an officer of a debtor corporation. The court determined that it possessed such jurisdiction, and it issued a temporary injunction and remanded the case for further fact-finding to ascertain whether a permanent injunction was warranted. The *H & R Ice* court relied upon *Major Dynamics* and the plain language of 11 U.S.C. § 505(a)(1), in establishing that the bankruptcy court had jurisdiction to determine disputes between third party creditors and the IRS. 24 B.R. at 31. *Accord, In re Major Dynamics, Inc.*, 14 B.R. 969, 971 (Bkrtcy.S.D.Cal.1981) ("jurisdictional grant of Section 505 is not, by its terms, limited to a determination of tax liability of the debtor"). *Contra, Matter of Huckabee Auto Co.*, 46 B.R. 741 (M.D.Ga.1985), *aff'd*, 783 F.2d 1546 (11th Cir.1986) (bankruptcy court lacks jurisdiction to enjoin IRS from imposing liability upon debtor corporation's officers despite contention that imposition of liability on officers would adversely affect debtor's reorganization).

This court acknowledges that the penalty which the IRS intends to impose upon Thomas R. Campbell and Ann Campbell is in fact separate and distinct from the debtor corporation's tax liability, but this court rejects the IRS' contention that this court therefore lacks jurisdiction over the instant matter. The assessment and collection of the penalty presently at issue will potentially impact upon the reorganization efforts of the debtor corporation. Accordingly, this court holds that it has jurisdiction over the instant matter.

■ The second issue raised by the IRS is that Campbell Enterprises, Inc. lacks standing to maintain the instant proceeding. The IRS argues that the tax liability of Thomas R. Campbell and Ann Campbell is separate and distinct from the tax liability of the corporate debtor, and that the debtor is precluded from challenging the collection of taxes from a taxpayer other than itself.

The essential inquiry which must be made to establish whether a plaintiff has standing to maintain an action, "is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant [the plaintiff's] invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976) (quoting *Warth v. Seldin*, 422 U.S. 490, 498–499, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975)). The court must be assured that the plaintiff's stake in the outcome of the controversy is sufficient "to ensure concrete adversity and sharply defined issues." *In re Jon Co., Inc.*, 30 B.R. 831, 834 (D.Colo.1983). In factual scenarios such as the instant one, where the IRS' collection efforts threaten the corporate debtor's ability to successfully reorganize, the debtor has a sufficient stake in the outcome of the controversy so as to confer standing upon the debtor to challenge the collection efforts. *In re Jon Co., Inc.*, 30 B.R. 831, 834 (D.Colo.1983). *Contra, Matter of Driscoll's Towing Service, Inc.*, 43 B.R. 647 (Bkrtcy.S.D.Fla.1984), *vacated*, 51 B.R. 990, 991 (S.D.Fla.1985) ("[w]hether the bankrupt will be injured by the collection of the principals' own tax liability is immaterial").

The case of *In re O.H. Lewis Co., Inc.*, 40 B.R. 531 (Bkrtcy.D.N.H.1984) (*O.H. Lewis*), is factually similar to the case presently before the court. In *O.H. Lewis*, the court held that a corporate debtor had standing to seek an injunction against the IRS, preventing the IRS from collecting a tax penalty from the corporation's officers. In *O.H. Lewis*, as in the case presently before the court, the debtor alleged that in order to successfully complete its plan of reorganization, it required additional time and capital from the subject officers, and that the IRS' collection efforts interfered with the officers' assistance in the corpora-

tion's reorganization. The *O.H. Lewis* court found that the debtor was directly aggrieved by the IRS' collection efforts, and that a true case and controversy existed which was sufficient to confer standing on the debtor to seek the injunction.

This court acknowledges that generally a taxpayer may not litigate the tax liability of another taxpayer. However, this court determines that the instant debtor has standing to challenge the assessment of tax penalties against Ann Campbell and Thomas R. Campbell. This decision is based upon the aforesaid caselaw, and upon the Debtor's assertion that it has a personal stake in the outcome of the dispute between the IRS and Thomas R. Campbell and Ann Campbell since the IRS' collection efforts against Thomas R. Campbell and Ann Campbell will affect the ability of the corporation to reorganize.

■ The third issue which this court will address is whether the IRS has waived its sovereign immunity so as to permit Campbell Enterprises, Inc. to maintain the instant complaint.

Generally, pursuant to the principles of sovereign immunity, a citizen may not sue a state without the state's consent. However, 11 U.S.C. Section 106, entitled "Waiver of Sovereign Immunity," provides for the commencement of suits such as the one presently before the court under certain circumstances. Title 11 U.S.C. § 106(a) provides:

A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

The Legislative History, addressing 11 U.S.C. Section 106, states that the section provides for a "limited waiver of sovereign immunity in bankruptcy cases." S.Rep. No. 989, 95th Cong., 2d Sess. 29, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5814–15. The Senate Report maintains that "the filing of a proof of claim against the estate by a governmental unit is a waiver by that governmental unit of sovereign immunity with respect to compulsory counterclaims." *Id. Accord, In re O.P.M. Leasing Services, Inc.*, 21 B.R. 993, 1001 (Bkrtcy.S.D.N.Y.1982). The rationale behind 11 U.S.C. Section 106 is that it would be unfair for a governmental unit to assert claims against an estate, and to collect money therefrom, while claiming sovereign immunity to protect itself from counterclaims which the estate may possess. *Id.*

In the cases of *In re Jon Co., Inc.*, 30 B.R. 831 (D.Colo.1983), *In re Original Wild West Foods, Inc.*, 45 B.R. 202 (Bkrtcy.W.D.Tx.1984), and *Matter of A & B Heating & Air Conditioning, Inc.*, 48 B.R. 397 (Bkrtcy.M.D.Fla.1984), sovereign immunity was implicitly deemed to have been waived. In each of these cases, a corporate debtor made application to the court to enjoin the IRS from assessing and/or collecting a tax penalty against individual corporate officers. In *In re Original Wild West Foods, Inc.*, the application was granted. In *In re Jon Co., Inc.* and *Matter of A & B Heating & Air Conditioning, Inc.*, it was held that the court had the authority to enjoin the IRS' collection efforts if the debtor demonstrated that the court's failure to enjoin the IRS' activity would destroy the debtor's ability to effectively reorganize.

This Court finds that the IRS has waived its sovereign immunity in the instant matter. Accordingly, sovereign immunity does not operate to bar the debtor corporation from challenging the IRS' attempt to collect tax penalties from Thomas R. Campbell and Ann Campbell individually. The penalties which the debtor is seeking to enjoin arose from the corporation's failure to pay withholding taxes. Furthermore, the collection of the penalties would impact upon the debtor's ability to reorganize. These facts, in addition to the fact that the IRS is asserting a similar claim for payment against the debtor's Chapter 11 estate, constitute a waiver of sovereign immunity by the IRS pursuant to 11 U.S.C. Sections 106 and 505.

The next issue this court will address is whether a bankruptcy court may enjoin the IRS from collecting a 100% tax penalty from individual corporate officers, upon the application of a corporate debtor. There has been a split among the districts, as well as among the circuits, with regard to this issue. *Compare, Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975) (Bankruptcy Court may enjoin collection of federal taxes of individual debtors pending determination of dischargeability of tax obligations) *with Matter of Becker's Motor Transportation, Inc.*, 632 F.2d 242 (3d Cir. 1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981) (Bankruptcy Court may not enjoin IRS collection efforts of taxes assessed against rehabilitated debtor for pre-petition penalties and post-petition interest on nondischargeable tax debt).

This court must first examine the 1980 Third Circuit case of *Matter of Becker's Motor Transportation, Inc.*, 632 F.2d 242 (3d Cir.1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981). In *Becker's*, the IRS filed proofs of claim against the plaintiffs, Becker's Motor Transportation, Inc. and Needham's Motor Services, Inc. The plaintiffs, which had filed petitions for relief under Chapter XI of the Bankruptcy Act, paid the claimed tax indebtedness in full pursuant to their plan of arrangement. After the arrangement estates were closed and the debtors resumed their regular business operations, the IRS sought to collect pre-petition penalties and post-petition interest on the satisfied tax debts. The debtors filed a complaint against the IRS seeking declaratory and injunctive relief prohibiting the IRS from any future collection attempts. The bankruptcy court enjoined the IRS from future collection efforts, and the IRS appealed. The district court affirmed the bankruptcy court's ruling, rationalizing that the rehabilitative purpose of the Bankruptcy Act overrode the purpose of 26 U.S.C. § 7421, the anti-injunction statute. The IRS appealed this decision to the United States Court of Appeals for the Third Circuit, which vacated the judgment of the district court.

In its opinion, the Third Circuit analyzed the interaction between the Bankruptcy Act and the anti-injunction statute. The anti-injunction statute provides in relevant part:

(a) Tax. Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421. Although exceptions to this statute have been created by Congress, Congress has included neither the bankruptcy court nor debtors as one of the enumerated exceptions to the anti-injunction act. The *Becker's* court noted that Congress enacted additional exceptions to the anti-injunction statute just four months after bankruptcy courts were granted the power to " 'hear and determine ... any question arising as to the amount or legality of any unpaid tax.' " 632 F.2d at 246 (quoting 11 U.S.C. § 11(a)(2A), Pub.L. No. 89–496, § 1, 80 Stat. 270 (July 5, 1966)). Despite this grant of power, Congress did not include either the bankruptcy court or debtors as an enumerated exception to the anit-injunction act. The *Becker's* court found this fact to be dispositive of Congress' intent that the anti-injunction statute supercedes the bankruptcy act. Although the court acknowledged that there may be some merit in permitting the policies of the Bankruptcy Act to outweigh those of the anti-injunction statute, the court steadfastly maintained that Congress, not the courts, must make such a decision. 632 F.2d at 246.

Other courts have followed the rationale of the *Becker's* decision, and have held that the anti-injunction statute supercedes the Bankruptcy Code. *See, In re Pressimone*, 39 B.R. 240 (N.D.N.Y.1984); *Matter of Driscoll's Towing Service, Inc.*, 43 B.R. 647 (Bkrtcy.S.D.Fla.1984), *vacated*, 51 B.R. 990 (S.D.Fla.1985); *In re Arrow Transfer*

& *Storage Co.*, 45 B.R. 219 (Bkrtcy.E.D. Tenn.1984), *vacated,* 50 B.R. 726 (E.D. Tenn.1985). The debtor in the matter presently before the court argues that the *Becker's* decision is no longer the law of this Circuit in view of the subsequent decision of the United States Supreme Court in the case of *South Carolina v. Regan,* 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984) (*Regan* ). Although the *Regan* case did not involve a bankruptcy issue, the court's analysis of the Anti-Injunction Act is relevant to this court's decision of the instant matter. In *Regan,* the plaintiff, the State of South Carolina, sought leave to file a complaint for injunctive relief against the Secretary of Treasury (Secretary). The plaintiff contended that a provision of the Tax Equity & Fiscal Responsibility Act of 1982 violated the Tenth Amendment of the United States Constitution and the doctrine of intergovernmental tax immunity. Despite the Secretary's claim that the action was barred by the Anti-Injunction Act, the court granted the motion for leave to file the complaint.

In rendering its decision, the *Regan* court relied substantially upon the prior case of *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) (*Enochs*). *Enochs* involved an action to enjoin the collection of federal social security and unemployment taxes. The *Regan* court construed *Enochs* as holding that, "the Anti-Injunction Act would not apply if the taxpayer (1) was certain to succeed on the merits, and (2) could demonstrate that collection would cause him irreparable harm." *Regan,* 465 U.S. at 374, 104 S.Ct. at 1112. The plaintiff in *Enochs* failed to meet this test, and thus the court held that the Anti-Injunction Act barred the suit. The *Regan* court noted that in *Enochs,* the plaintiff had the option to institute a suit for a refund. Thus *Regan* maintained that *Enochs,* and its progeny did not intend to determine whether the Anti-Injunction Act would bar a suit where the aggrieved party could not institute a refund suit. The *Regan* court established that the plaintiff before it lacked an alternative means to challenge the injunction

proceeding, and thus the court did not apply the two-part test established in *Enochs.* Instead, Justice Brennan, writing for the *Regan* court, simply concluded "that the [Anti-Injunction] Act was not intended to bar an action where, as here, Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." *Regan,* 465 U.S. at 373, 104 S.Ct. at 1111.

The two-pronged test of *Enoch* has been characterized "as requiring that the Government's action be 'plainly without a legal basis' or have 'no chance of sucess on the merits.' " *See, Laino v. United States,* 633 F.2d 626, 629 (2d Cir.1980).

■ In the matter presently before the court, the debtor does not maintain that the notice of assessment was improper in itself, but rather, that the IRS should defer collection efforts until after the debtor corporation completes making payments pursuant to its plan of reorganization. Such a request does not meet the first part of the two part test established by the *Enochs* court. This court further finds that, in light of the *Regan* decision, the stringent standard set forth by the *Becker's* court is no longer the definitive rule of this circuit. The *Becker's* decision was premised upon the finding that only Congress, not the judiciary, has the power to create exceptions to the Anti-Injunction Act. The *Regan* decision, which was rendered by the Supreme Court of the United States subsequent to the *Becker's* decision, however, demonstrates that judicial exceptions to the Anti-Injunction Act may be created.

Numerous courts, have employed or recognized judicial exceptions to the Anti-Injunction Act. *See, e.g., In re Jon Co., Inc.,* 30 B.R. 831 (D.Colo.1983); *In re J.K. Printing Services, Inc.,* 49 B.R. 798 (Bkrtcy.W.D.Vir.1985); *In re Dore & Associates Contracting, Inc.,* 45 B.R. 758 (Bkrtcy.E.D.Mich.1985); *Matter of A & B Heating & Air Conditioning, Inc.,* 48 B.R. 397 (Bkrtcy.M.D.Fla.1985); *In re Original Wild West Foods, Inc.,* 45 B.R. 202 (Bkrtcy.W.D.Tx.1984); *In re Datair Sys-*

*tems Corp.*, 37 B.R. 690 (Bkrtcy.N.D.Ill. 1983); *In re H & R Ice Co., Inc.*, 24 B.R. 28 (Bkrtcy.W.D.Mo.1982); *In re County Wide Garden Center, Inc.*, 25 B.R. 203 (Bkrtcy. S.D.N.Y.1982); *In re Major Dynamics, Inc.*, 14 B.R. 969 (Bkrtcy.S.D.Cal.1981).

The case of *In re Dore & Associates Contracting, Inc.*, 45 B.R. 758 (Bkrtcy.E. D.Mich.1985) (*Dore*), summarized the case law regarding the bankruptcy court's power to enjoin the collection of taxes. The *Dore* court interpreted *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), as judicially creating a narrow exception to the anti-injunction rule, and *South Carolina v. Regan*, 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984), as expanding the *Enochs* exception to the anti-injunction statute. In determining that the *Regan* court intended to create a new, more liberal exception to the anti-injunction statute, the *Dore* court concluded, "to the extent *Williams Packing* and subsequent cases required taxpayers to demonstrate a certainty of success on the merits in order to be eligible for injunctive relief, they were effectively overruled by *South Carolina v. Regan.*" *Dore*, 45 B.R. at 761.

In *Dore*, a corporate debtor sought an injunction prohibiting the IRS from collecting the debtor's tax liability from two former officers of the corporation. In denying the request for an injunction, the court essentially considered two factors. First the court considered whether there was a viable alternative legal remedy available to the corporate debtor. The court reasoned that if such an alternative legal remedy existed, the court would lack equity jurisdiction over the matter. Once it was established that a viable alternative legal remedy did not exist, the court's second consideration was whether the prerequisite conditions for the issuance of an injunction were present. The prerequisite elements for the granting of an injunction are: (1) a substantial likelihood of success on the merits;

(2) the imposition of irreparable harm upon the movant if the injunction is not granted; (3) proof that issuance of an injunction will not cause substantial harm to others, and; (4) proof that the public interest will be served by the issuance of the injunction. The *Dore* court found that the plaintiff in that case failed to demonstrate a substantial likelihood of success on the merits, and thus the court denied the request for injunctive relief.[2]  45 B.R. at 764.

In applying the two part test set forth by the *Dore* court to the facts presently before the court, this court finds that the corporate debtor has no direct right of appeal with regard to the penalty assessment or the actual imposition of the penalty, against Thomas R. Campbell and Ann Campbell, since the penalty is a separate and distinct tax obligation of the individuals. The debtor is thus without an adequate remedy at law to challenge the penalty tax presently at issue. Furthermore, it would be inequitable to compel the corporate debtor to rely upon its present principals or former principals to undertake appeals, since the debtor's reorganization efforts could be substantially affected by the principals' payment of the tax penalty. This lack of a direct remedy is the type of exception to the Anti-Injunction Act which was carved out by the *Regan* court.

In order for this court to grant the injunctive relief sought however, the debtor must prove the four prerequisite elements of an injunction. The first element which must be demonstrated is that the movant has a substantial likelihood of success on the merits. The fact that the IRS is empowered to make the assessment of the 100% tax penalty against the officers is not disputed by the debtor, nor is the amount of the assessment. This case does not involve a confirmed plan which contains a waiver by the IRS of personal liability of the principals. Accordingly, the debtor has

---

2. Although the *Dore* court applied the liberal test set forth by the *Regan* court, in dicta, the *Dore* court stated that it was in agreement with the conclusion of the *Becker's* court that Congress did not intend there to be a bankruptcy exception to the Anti-Injunction Act. 45 B.R. at 764.

failed to meet the first prerequisite element to injunctive relief, and the Court need not address the remaining elements of the test. This Court will not create a special bankruptcy exception to the right of the IRS to collect the 100% penalty assessment, and thus, the debtor's request for injunctive relief is hereby denied. *See, In re Dore & Associates Contracting, Inc.*, 45 B.R. 758 (Bkrtcy.E.D.Mich.1985).

■ The debtor, by its complaint, also requests declaratory relief stating that so long as the plan of reorganization proposed by the debtor provides for full payment of the taxes owed by the debtor, the IRS has no right to collect or to attempt to collect the 100% penalty against Thomas R. Campbell and Ann Campbell while the debtor is reorganizing under Chapter 11. The *Becker's* case, decided under the former Bankruptcy Act, held that the bankruptcy court was vested with authority to issue declaratory relief with respect to tax claims assessed against a debtor in a reopened proceeding. 632 F.2d at 247. This holding was based upon a finding that bankruptcy courts were not specifically included within the terms of 28 U.S.C. § 2201, the declaratory judgment provisions of the Federal Judicial Code. The declaratory relief at issue in *Becker's* was limited to a determination that on remand, the IRS would be equitably estopped from collection activities with regard to any portion of their claim which was determined to be pre-petition interest. 632 F.2d at 251. This holding is not analogous to the request for declaratory relief in the instant case. The declaratory relief sought by the debtor presently before the court is, in effect, injunctive relief. Accordingly, the debtor's request for declaratory relief is hereby denied, since the debtor may not do indirectly what it is precluded from doing directly.

Accordingly, the debtor's complaint for injunctive and declaratory relief is hereby denied, the IRS' motion to dismiss the complaint is granted, and the complaint is dismissed.