**In re Ralph C. McAULEY, Debtor.**

**Ralph C. McAULEY and Carolyn A. McAuley, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 85–2834–BKC–8P1. Adv. No. 87–194.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 13, 1988.

Shirley C. Arcuri, Tampa, Fla., for plaintiffs.

Hillary B. Burchuk, U.S. Dept. of Justice, Washington, D.C., U.S. Attorney's Office, Tampa, Fla., for defendant.

ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

It is not unusual that in the course of administration of cases under Title 11,

bankruptcy courts are called upon to resolve either actual or perceived conflicts between provisions of the Bankruptcy Code and provisions of some State or Federal Statute. To resolve a conflict with State law does not ordinarily present any difficulty simply because the Supremacy Clause of the Constitution of the United States, Article I, dictates a resolution of any conflict in favor of Federal law over State law and in the context of bankruptcy in favor of Title 11 of the United States Code, the Bankruptcy Code. However, the situation is markedly different when the conflict is between a Federal Statute and the Bankruptcy Code. The situation is even more complex when the conflict is not only between specific conflicting statutory provisions of the two statutes but between specific and clearly enunciated policy aims of the two statutes involved. This is precisely the situation involved in the matter under consideration.

The matter presented for this Court's consideration is in the context of an adversary proceeding instituted by Ralph C. McAuley (Debtor) and Carolyn A. McAuley (Mrs. McAuley), his spouse, who is not herself a Debtor involved in any case under the Bankruptcy Code.

The Complaint was filed against the United States and the Internal Revenue Service and consists of three counts. In Count I both Plaintiffs seek a determination of their tax liability for the years 1979, 1980 and 1981 pursuant to § 505 of the Bankruptcy Code. In Count II the Plaintiffs (sic) seek a determination that their (sic) tax liability, if it exists, is a dischargeable obligation and not within the exceptive provisions of § 523(a)(1)(A) and § 1141(d)(2) of the Bankruptcy Code. In connection with Count II, it is to be noted that the Debtor concedes that Mrs. McAuley, the Debtor's spouse, has no standing to assert a viable claim of dischargeability simply because she is not a debtor and not seeking a discharge. In Count III both Plaintiffs seek injunctive relief prohibiting the IRS to assess a tax liability against the Plaintiffs and attempt to collect taxes for the years in question. The Government promptly challenged all claims asserted by the Plain-

tiffs in their Complaint and sought a dismissal with prejudice of all the claims as they relate to the Defendant's spouse.

The primary thrust of the Government's Motion is based on a three-fold proposition. First, it is the Government's contention that this Court lacks jurisdiction over the United States of America by reason of the doctrine of sovereign immunity; second, this Court is clearly without jurisdiction to consider any claims asserted by Carolyn A. McAuley who is not a debtor involved in this Chapter 11 case; third, the Debtor is not entitled to any injunctive relief by virtue of the Anti-Injunction Statute, 26 U.S.C. § 7421 and the Complaint should be dismissed based on the Declaratory Judgment Statute, 28 U.S.C. § 2201.

### Sovereign Immunity

It is beyond dispute that the United States of America, as a sovereign, is immune from suits unless there is a specific statute enacted by Congress which expressly waived the sovereign immunity of the United States. *Affiliated Ute Citizens of Utah vs. United States*, 406 U.S. 128, 141, 92 S.Ct. 1456, 1466, 31 L.Ed.2d 741 (1972), reaffirming, *United States vs. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Hawaii vs. Gordon*, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *United States vs. Alabama*, 313 U.S. 274, 281, 61 S.Ct. 1011, 1013, 85 L.Ed. 1327 (1941); *United States vs. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940); *United States vs. Transocean Air Lines, Inc.*, 386 F.2d 79 (5th Cir.1967), *cert. denied*, 389 U.S. 1047, 88 S.Ct. 784, 19 L.Ed. 2d 839 (1968).

■ Prior to the enactment of the Bankruptcy Reform Act of 1978, Public Law 95–595, the Bankruptcy Court's jurisdiction to determine dischargeability of tax liabilities was governed by § 2(a)(2A) of the Bankruptcy Act of 1898. This Statute provided that courts of bankruptcy had jurisdiction to:

"Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any

unpaid tax ... and in respect to any tax, whether or not paid ..."

and was amended only stylistically in 1966.

The Court of Appeals having considered the legislative history of the 1966 amendment of this section, *S.Rept. No. 999*, 89th Cong., 2d Sess. (1966), concluded that the Government's reliance on the majority report of the Senate Finance Committee in arguing that Congress did not intend to waive sovereign immunity was misplaced and that a thorough examination of the legislative history supported the conclusion that the amendment of this Section was intended to grant jurisdiction to the bankruptcy court in factual situations of the type involved in that case. In so doing, the Court of Appeals in *Bostwick v. U.S.*, 521 F.2d 741 (8th Cir.1975) relied on the case of *In re Durensky*, 377 F.Supp. 798 (1974) where the District Court discussed in great detail the scope and reach of § 2(a)(2A) of the Bankruptcy Act of 1898. Following *Bostwick* and *Durensky*, other courts also concluded that the bankruptcy courts have jurisdiction to determine tax liabilities of the debtor even though the Government has not filed a proof of claim in the particular case. *In the Matter of John West Gwilliam*, 519 F.2d 407 (9th Cir.1975); *In re Murphy*, 381 F.Supp. 813, 816–817 (N.D. Ala.1974) (*rev'd on other grounds*); *In re Savage*, 329 F.Supp. 968, 969 (C.D.Calif. 1971); *In re Curtis*, 69–1 U.S. Tax Cas. 9433 (W.D.Mich.1969). *See also, In re Century Vault Co.*, 416 F.2d 1035, 1041 (3rd Cir.1969); *In re Standard Milling Co., Inc.*, 324 F.Supp. 386 (N.D.Tex.1970).

The jurisdiction granted to determine tax liabilities in § 2(a)(2A) of the Bankruptcy Act of 1898 was reenacted in § 505 of the Bankruptcy Code with only with some stylistic changes. Thus, it is evident that the cases which interpreted the scope of § 2(a)(2A) of the Bankruptcy Act of 1898 are not only persuasive but controlling. Based on the foregoing this Court is satisfied that under *Bostwick* and its progenies the Government's claim based on sovereign immunity must fail and the bankruptcy court has jurisdiction to consider the claim of the Debtor, Mr. McAuley, seeking a determination of his tax liability and, if found to exist, the dischargeability of same.

The Bankruptcy Code, unlike the Bankruptcy Act of 1898, now contains a specific provision dealing with the subject of sovereign immunity. However, there is nothing in § 106 which compels a different conclusion. § 106 which deals with the waiver of sovereign immunity in subclause (a) of this section provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

Even a cursory reading of this section indicates that the section was designed to deal with the situation where a debtor and the estate of a debtor seeks to assert a claim against a governmental unit and seeks monetary damages. According to the legislative history, this section was merely a restatement of a policy followed generally by Congress and it was designed to achieve approximately the same result that would prevail outside of bankruptcy. *Minutes on Committee of the Judiciary, Sen.Rep. No. 95–989*. As the Committee Report indicates, the Section represents a slight two-fold change from the prevailing policy outside of bankruptcy. First, a filing of a proof of claim against the estate by a governmental unit operates as a waiver of the sovereign immunity with respect to all compulsory counterclaims and, second, the governmental unit cannot receive a distribution from the estate without subjecting it to any liability it has to the estate within the confines of the compulsory counterclaim rule. *Matter of Campbell Enterprises, Inc.*, 66 B.R. 200 (Bkr.N.J.1986). The Notes also indicated that the estate may offset against the allowed claim of the governmental unit any claim which the estate has against the governmental unit even though the claim by the estate against the governmental unit is merely a permissive counterclaim. In the present instance, the Debtor obviously does not seek any monetary damages from the Government

but merely a prohibition against collecting any taxes from the Debtor until the Debtor is able to obtain a determination that the taxes owed by him, if any, are dischargeable.

■ This leaves for consideration, however, whether or not the defense of sovereign immunity is available to the Government as to the claim asserted by Mrs. McAuley, a non-debtor. Ordinarily, a taxpayer may not litigate the tax liability of another taxpayer. However, as noted earlier, the grant of jurisdiction by § 505 of the Bankruptcy Code to determine a tax liability by the bankruptcy court is not limited to the tax liability of the Debtor but includes the power to determine the amount or legality of *any* tax. This construction of the Section was recognized by the bankruptcy court in the case of *In re Major Dynamics, Inc.*, 14 B.R. 969 (Bankr. S.D.Cal.1981) where the Court held that the plain language of § 505(a)(1) clearly indicates that the bankruptcy court may determine the amount or legality of *any* tax to determine disputes between even third-parties, i.e. non-debtors and the Internal Revenue Service in an appropriate case. In the view of the Bankruptcy Court in *Major Dynamics* this result is completely in accord with the general policy of the Bankruptcy Code which was to authorize bankruptcy courts to resolve all disputes involving a debtor's estate. This same result was reached in the case of *In re Brandt–Airflex*, 69 B.R. 701 (Bkrtcy.E.D.N.Y.1987). Based on the foregoing, this Court is satisfied that the Government's claim of sovereign immunity is equally of no avail vis a vis the claim of Mrs. McAuley at least to the limited extent discussed below.

### Anti–Injunction Statute and Declaratory Judgment Act

■ The next jurisdictional attack by the Government on the Plaintiff's rights to the relief they seek is based on the Declaratory Judgment Statute, 28 U.S.C. 2201 which provides as follows:

§ 2201. Creation of remedy

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

There is nothing in the Declaratory Judgment Statute, 28 U.S.C. § 2201 which even remotely indicates that it is meant to be a prohibition against a determination by the bankruptcy court by way of declaratory judgment whether or not a tax liability of a debtor is or is not dischargeable.

■ This leaves for consideration a more troublesome contention of the Government, which is based on the Anti–Injunction Statute, 26 U.S.C. § 7421. The Anti–Injunction Statute, 26 U.S.C. § 7421 reads in pertinent part as follows:

"Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

It should be stated at the outset that in the case of *South Carolina vs. Regan*, 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984), the Supreme Court, speaking through Justice Blackmun, clearly established that the Anti–Injunction Statute was not intended to operate as an absolute bar to an action for injunction by an aggrieved party where Congress has not provided the aggrieved party with an alternative legal way to challenge the validity of the tax, citing, *J.L. Enochs vs. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Thus a taxpayer may, under appropriate circumstances, obtain injunctive relief against collection efforts of a tax by the Government. There are numerous courts which recognized this

judicially created exception to the Anti–Injunction Statute. *In the Matter of Campbell, supra; In re Original Wild West Foods, Inc.,* 45 B.R. 202, 206 (Bkrtcy.W.D. Tex.1984); *In re Jon Co., Inc.,* 30 B.R. 831 (D.Colo.1983); *In re H & R Ice Co., Inc.,* 24 B.R. 28 (Bkrtcy.W.D.Mo.1982); *In re O.H. Lewis Co., Inc.,* 40 B.R. 531 (Bkrtcy.D.N.H. 1984); *A & B Heating & Air Conditioning, Inc. v. U.S.,* 48 B.R. 397 (Bkrtcy.M.D. Fla.1984). This Court is not unmindful of the decision of the Eleventh Circuit in *U.S. v. Huckabee Auto Co., Inc.,* 46 B.R. 741 (M.D.Ga.1985), *aff'd,* 783 F.2d 1546 (11th Cir.1986) in which the Court of Appeals held that a bankruptcy court lacks jurisdiction to grant injunctive relief against the Government involving collection of taxes. Ordinarily, this Court would be constrained to follow the decision of the Eleventh Circuit in *Huckabee.* However, the very same Court of Appeals which decided *Huckabee* subsequently upheld this Court's decision in *A & B Heating, supra,* in which this Court enjoined the Government from attempting to collect the 100% penalty imposed by 26 U.S.C. § 6672 on responsible officers of a corporation whose plan of reorganization was confirmed. While the case was remanded, it was remanded only for the limited purpose of determining whether or not the interest of the Government is adequately protected during the consummation of the confirmed Chapter 11 plan. *In the Matter of A & B Heating & Air Conditioning,* 823 F.2d 462 (11th Cir. 1987). In *A & B Heating* the Court recognized the proposition that the Anti–Injunction Statute is not an absolute bar and under appropriate circumstances the Bankruptcy Court has the power to enjoin the Government.

The defense of the Anti–Injunction Statute is usually raised by the Government in the instances where a debtor seeks to obtain injunctive protection against collection efforts of the Government from individual non-debtors, i.e. responsible officers of a debtor corporation when the taxes involved the 100% assessment imposed by 26 U.S.C. § 6672. In this context, it now has been generally accepted that the tax sought to be imposed on the responsible officers of the debtor corporation is a separate and distinct tax from the tax liability of a prime obligor, i.e. the debtor corporation. *In re Campbell, supra.* There are respectable authorities to support the proposition that the bankruptcy court has power to enjoin the Government temporarily from attempting to collect the 100% penalty assessment from non-debtors notwithstanding the prohibition of the Anti–Injunction Statute. *In re Jon Co., Inc., supra; In re J.K. Printing Services, Inc.,* 49 B.R. 798 (Bkrtcy.W. D.Vir.1985); *In re Dore & Associates Contracting, Inc.,* 45 B.R. 758 (Bkrtcy.N.D. Mich.1985); *Matter of A & B Heating & Air Conditioning, Inc., supra; In re Original Wild West Foods, Inc., supra; In re Datair Systems Corp.,* 37 B.R. 690 (Bkrtcy.N.D.Ill.1983); *In re H & R Ice Co., Inc., supra; In re County Wide Garden Center, Inc.,* 25 B.R. 203 (Bkrtcy.S.D.N.Y. 1982); *In re Major Dynamics, Inc., supra.*

The matter under consideration does not involve the 100% penalty but only the tax liability of Mrs. McAuley, a non-debtor, based solely on the fact that she signed the tax return in question jointly with her husband, the Debtor. Thus, it is clear that unlike the 100% penalty which has been traditionally recognized to represent an independent, separate and distinct liability from the liability of corporate debtors, the liability of Mrs. McAuley in this instance is based solely on the liability of her husband, which liability is inseparable from his and not an independent and separate liability of her own.

The factual setting closest to the matter under consideration appears in *In re Brandt–Airflex Corp., supra. Brandt–Airflex* involved a complaint filed by a debtor who sought a declaratory determination of a debtor's tax liability for withholding taxes for the years of 1983, 1984 and 1985. In its complaint the debtor contended that the tax liability involved should be imposed on Long Island Trust Company (LITC) on the basis that LITC was in fact an employer. In *Brandt–Airflex,* the Court concluded that LITC was an indispensable party to the suit; that the Bankruptcy Court had the jurisdiction to deter-

mine the liability of LITC for withholding taxes pursuant to § 505(a) of the Bankruptcy Code; and the fact that LITC was not a debtor was of no consequence and did not deprive the Bankruptcy Court of subject matter jurisdiction. The Court in the *Brandt–Airflex* case, citing *In re Major Dynamics, Inc., supra,* held that:

"In the present case, as in *Bostwick,* there is no reason to look beyond the plain meaning of the statute. The plain language of Section 505(a)(1) provides, subject to the limitations in section 505(a)(2) that the bankruptcy court may determine the amount or legality of any tax. It follows that the bankruptcy court has jurisdiction to determine disputes between third-party creditors and the IRS in an appropriate case. This result is in line with the general policy of the Bankruptcy Code to allow the bankruptcy court to resolve all disputes affecting a debtor's estate."

As noted earlier, in the present instance, the liability of the debtor's spouse is the same as the liability of the debtor. Based on this distinction, there is hardly any doubt that she is an indispensible party to the Debtor's suit to determine his liability. It is evident that to force her to litigate her liability before the Tax Court would not make any sense. This is so because this course of action may produce two inconsistent results—one by this Court concluding that the Debtor is not indebted to the Government for unpaid taxes and the other by the Tax Court that she is liable for the same taxes for which her husband was found not to be liable. Since a determination of the issue in favor of the Debtor would be controlling as determinative of the liability of the Debtor's spouse, it would be pointless and inconsistent with plain common sense not to consider the single issue raised in Count I which involves both Plaintiffs. *See, In re Brandt–Airflex Corp., supra.*

As noted earlier, the claim set forth in Count II of the Complaint seeks a determination of dischargeability vel non of the tax liability of Mr. and Mrs. McAuley. It is evident that while Mr. McAuley certainly has a right to obtain such a determination,

it is equally evident that Mrs. McAuley does not, because she is not a debtor who seeks relief under any of the operating chapters of the Bankruptcy Code, and for this reason her claim set forth in Count II should be dismissed.

This leaves for consideration the right to injunctive relief sought by Mr. and Mrs. McAuley in Count III. Inasmuch as the claim as plead in this count falls far short from the allegations required for setting forth a viable claim for injunctive relief, the Motion to Dismiss is well taken and Count III should be dismissed without prejudice.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Government's Motion to Dismiss Count I of the Complaint be, and the same is hereby denied as to the claim of both Mr. and Mrs. McAuley. It is further

ORDERED, ADJUDGED AND DECREED that the Government's Motion to Dismiss the claim of Mrs. McAuley as set forth in Count II of the Complaint be, and the same is hereby, granted and her claim seeking a determination of dischargeability is dismissed but denied as to Mr. McAuley. It is further

ORDERED, ADJUDGED AND DECREED that the Government's Motion to Dismiss the claim for injunctive relief set forth in Count III of the Complaint be, and the same is hereby, granted without prejudice to the Plaintiffs to file an amended Count III within 30 days of the date of the entry of this Order if so deemed to be advised. It is further

ORDERED, ADJUDGED AND DECREED that the new Complaint shall be a complete restatement of all claims in one single pleading and if one is filed the Government shall file its Answer to each of the Counts set forth in the Amended Complaint within twenty (20) days from the date of service of the copy of the Amended Complaint. It is further

ORDERED, ADJUDGED AND DECREED if no Amended Complaint is filed, then the matter shall be scheduled for a

pretrial conference, by separate notice, of the claims which have not been dismissed by this Order.